UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT CHARLES JONES,<br><br>　　　　　　　　Petitioner,<br>　v.<br>JACK PALMER, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:11-cv-00467-MMD-WGC<br><br>ORDER |

This represented habeas matter comes before the Court on a *sua sponte* inquiry as to whether the petition is time-barred because it was not filed within the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(1). This order follows upon earlier show-cause orders (dkt. nos. 6 and 23) and petitioner's response (dkt. no. 33) through counsel.

**I.　BACKGROUND**

Petitioner Robert Charles Jones ("petitioner" or "Jones") challenges his Nevada state conviction for the first-degree murder of Rayfield Brown on September 29, 1978. The State presented evidence at trial that, following a barroom argument between Jones and Brown, Jones walked out of the bar, returned with a handgun, pointed it to Brown's head, and shot him. *See Jones v. State*, 101 Nev. 573, 575, 707 P.2d 1128, 1129 (1985).

The case was pursued by the State as a capital murder case. After a first trial ended in a mistrial, petitioner was convicted of first-degree murder in a second trial and sentenced to death pursuant to the jury's penalty phase verdict. The Supreme Court of

Nevada affirmed the conviction on direct appeal but vacated the death sentence and remanded for a new penalty phase proceeding. *Jones, supra*.

On remand, the State and Jones stipulated to a sentence of life without parole. The judgment of conviction was filed on April 10, 1987 (dkt. no. 33, Exh. 50).[1]

On April 14, 1988, petitioner filed a state post-conviction petition. Exh. 52. An inmate housed at Nevada State Prison ("NSP") with Jones prepared the petition.[2] Exh. 53. The state district court denied the petition on the merits on May 25, 1988. Exh. 56. Petitioner did not appeal the denial.

On or about April 22, 1997, petitioner mailed a federal petition to the Clerk of this Court for filing, which was prepared by inmate Michael J. Zellis and docketed under Case No. 2:97-cv-00600-JBR-RJJ. Exh. 60. The Court denied petitioner's motion for counsel. Exh. 64. As discussed further, *infra*, the Court ultimately dismissed the action on the basis that the pleadings before the Court presented only unexhausted claims. Exhs. 83, 86. Petitioner's motion for reconsideration, apparently prepared by inmate James Adams, was denied on February 9, 1999. Exh. 89. Petitioner did not appeal the dismissal.

On November 28, 2000, petitioner filed a second state post-conviction petition, which was apparently prepared by James Adams. Exhs. 92, 93. Petitioner filed a motion for appointment of counsel, prepared by inmate "para-legal" J. Benjamin Odoms, which the state court denied. Exhs. 96, 98. On January 30, 2001, petitioner filed, *inter alia*, a motion to withdraw guilty plea. The state district court denied relief, and the Supreme Court of Nevada affirmed in consolidated appeals. The Nevada Supreme Court held that the second petition was untimely. The court held that the claims in the motion to withdraw guilty plea were not cognizable given that (a) petitioner had been convicted by

---

[1] All exhibits referenced in this order are exhibits to petitioner's response to the show-cause order (dkt. no. 33), and may be found at dkt. nos. 34-41 and 45-49.

[2] In this order, the Court generally identifies the inmate who prepared various pleadings for petitioner. The Court notes that it appears from petitioner's response to the show-cause order and exhibits that other inmates (or, in one instance, retained counsel) prepared all state and federal filings for petitioner.

2

a jury and (b) fell outside the scope of claims cognizable on such a motion to the extent that petitioner challenged his sentence. Exh. 125. The remittitur issued on December 18, 2001. Exh. 126.

On February 6, 2008, petitioner, in proper person, filed a motion to withdraw guilty plea to correct manifest injustice as well as a motion to correct illegal sentence. Exhs. 132, 133. Inmate Eric Douglas prepared both. The state district court denied the motions and ultimately denied petitioner's motions for reconsideration. Exhs. 145, 136, 137. The Nevada Supreme Court affirmed in consolidated appeals on September 25, 2008, and remittiturs issued on October 21, 2008. Exhs. 148, 150.

On October 20, 2008, petitioner filed his petition for writ of habeas corpus of actual innocence pursuant to NRS §§ 34.360 to 34.830 inclusive in the Nevada Supreme Court, which J. Benjamin Odoms prepared. Exh. 147. The Nevada Supreme Court denied relief on November 6, 2008, and a Notice in Lieu of Remittitur issued on December 2, 2008. Exhs. 152, 153.

On December 26, 2008, petitioner filed a motion for correction of sentence, which the state district court ultimately denied. Exhs. 154, 156.

On December 8, 2008, petitioner mailed his third proper person state post-conviction petition to the First Judicial District Court. Exh. 157. It was filed in the Eighth Judicial District Court on March 6, 2009. The state district court denied the petition on April 28, 2010, and the Nevada Supreme Court affirmed on September 29, 2010. Exhs. 167, 174. Remittitur issued on October 27, 2010. Exh. 175.

On August 10, 2010, petitioner filed his fourth state postconviction petition. Exhs. 170, 171. The state district court dismissed the petition. Exh. 177. The Nevada Supreme Court affirmed on June 8, 2011, and remittitur issued on July 6, 2011. Exh. 186.

Petitioner mailed the instant federal petition for filing on June 26, 2011 (dkt. no. 7).

///

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (*quoting* prior authority). "The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence." *Id.* at 2565. "Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Downs v. McNeil*, 520 F.3d 1311, 1325 (9th Cir. 2008) (*quoting Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). The failure to timely file a federal habeas petition "may, in some circumstances, involve a confluence of numerous factors beyond a prisoner's control." *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

///

## III.   INSTANT PETITION

Petitioner, through appointed counsel, now argues that he is entitled to equitable tolling because the federal district court erroneously dismissed his first timely mixed federal petition and because his mental impairments were an extraordinary circumstance beyond his control.

### A.   First Timely-Filed Federal Habeas Petition

The Ninth Circuit has held that a petitioner is entitled to equitable tolling when a district court erroneously dismisses a timely filed mixed federal habeas petition. *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir. 2003); *see also Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir. 2005). In *Smith*, the district court dismissed a petitioner's timely filed habeas petition without affording him the opportunity to amend his petition and delete the unexhausted claim. *Smith*, 323 F.3d at 815-816. The Ninth Circuit concluded that the dismissal was in error because the one-year statute of limitations expired while the federal petition was pending, foreclosing the petitioner from pursuing his timely filed exhausted claims. *Id.* at 817-818. The court observed that the "unfortunate predicament was entirely avoidable." *Id.* at 817. Because the statute of limitations may prevent a petitioner from submitting a new petition under *Rose v. Lundy*, 455 U.S. 509 (1982), the Ninth Circuit has long directed that district courts must allow petitioners the opportunity to avoid dismissal by amending their mixed petitions and withdrawing their unexhausted claims. *Smith*, 323 F.3d at 817, *citing Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). The court emphasized: "in light of the severe consequences of a dismissal under AEDPA, the complexity of habeas law, and our preference for decisions on the merits, we have recognized that district courts must take special care to advise *pro se* habeas petitioners of their right to strike unexhausted claims." *Id.*

The Ninth Circuit, therefore, held in *Smith* that the district court erred in dismissing petitioner's second habeas petition and entering final judgment without first giving him an informed opportunity to withdraw his one exhausted claim before dismissal. *Id.* The court explained that "[a]lthough the [district] court told [petitioner] that

he could withdraw his unexhausted claim through a new petition after dismissal and final judgment, this option was illusory: because the limitations period had already expired, any new petition would have been untimely." *Id.*

Here, petitioner timely filed his first federal habeas petition on April 22, 1997. Case No. 2:97-cv-00600-JBR-RJJ; Exh. 58. His AEDPA limitations period expired two days later. He raised three grounds, including ground 3: that his rights to "due process/remain silent" were violated when the trial court failed to give a cautionary instruction pursuant to *Carter v. Kentucky*, 450 U.S. 288 (1981) to draw no inference from petitioner's decision not to testify. *Id.* at 7. On the face of the petition, he indicated that this claim was raised on direct appeal to the Nevada Supreme Court; his opening brief on direct appeal presents the *Carter* claim as Issue Two, and the Nevada Supreme Court discusses the *Carter* issue at length in its decision affirming the conviction. Exh. 58, p. 8, Exh. 40, p. 1, 6, Exh. 44, pp. 3-5. Thus, the original petition contained one exhausted claim.

Ultimately, on December 7, 1998, the magistrate judge issued a Report and Recommendation recommending that the State's motion to dismiss be granted and the petition be dismissed because petitioner "failed to exhaust available state remedies."[3] Exh. 83. The Report and Recommendation did not offer petitioner the opportunity to delete the unexhausted claims and proceed on any exhausted claims. *Id.* On December 15, 1998, petitioner filed an objection to the report, pointing out that he should have been given the opportunity to withdraw unexhausted claims prior to dismissal pursuant to *Rose v. Lundy*. Exh. 84. He also pointed out, correctly, that the State did not raise an exhaustion defense as to the three claims raised in the operative petition, and that, in fact, the State had never responded to the operative petition. *Id.*

On December 18, 1998, the district Court adopted the Report and Recommendation. Exh. 86. The Court concluded that the Report itself referred to the

---

[3]The Court will not set forth all events in detail here, but a series of errors in court orders and filings by respondents led to a somewhat convoluted and confusing docket.

6

operative original petition. *Id.* The Court stated, erroneously, that petitioner failed to present any evidence that he exhausted available state remedies. *Id.* The Court gave petitioner no opportunity to withdraw his unexhausted claims and proceed on his exhausted claim.

Petitioner now argues that the Court's erroneous dismissal of the mixed petition without affording him the option to withdraw his unexhausted claims constitutes extraordinary circumstances preventing petitioner from pursuing his timely filed petition.

### B.  Equitable Tolling Due to Mental Impairments

Petitioner further argues that his mental impairments were an extraordinary circumstance beyond his control. When considering equitable tolling due to mental impairment, the Ninth Circuit has set forth a two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control . . . by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable to personally prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent that he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. . . .

*Bills v. Clark*, 628 F.3d at 1099-1100 (9th Cir. 2010) (emphasis in original)(footnotes omitted); *see also id.* at 1100-01.[4]

Here, petitioner attaches to his counseled response to the show-cause order a psychologist's forensic neuropsychological examination report dated May 21, 2013. Exh. 211. The examining psychologist, Dr. Susan Kotler, concludes that petitioner is mildly mentally retarded, likely has a learning disability, and is illiterate. *Id.* His cognitive

---

[4]In *Bills*, the petitioner argued that he was entitled to equitable tolling based upon his illiteracy, his neurological defects, his mild retardation, his psychosis and lack of available assistance. *Bills*, 628 F.3d at 1094. The Ninth Circuit reversed the denial of equitable tolling and remanded for consideration of the claim under the legal standard they set forth in *Bills*. *Id.* at 1101.

7

skills at age sixty-six are at an early-elementary-school level. *Id.* The examining psychologist indicated that petitioner does not understand his legal situation. *Id.*

Petitioner also attaches affidavits of seven inmates who assisted him with legal filings. They describe him as illiterate, state that he does not understand the legal process or legal terms at all despite other inmates trying to explain and petitioner trying to learn, and that he is completely dependent on other inmates to prepare his legal documents for him and to make decisions as to how to proceed. Exhs. 207, 208, 209, 210, 212, 213, 215. Some of the inmates noted that other inmates who tried to assist petitioner never advised him that he should go to federal court and that for several years petitioner thought that his state case was "on stay." Exhs. 207, 210, 213.

Nevada Department of Corrections records similarly reflect that petitioner could not read or write, that he was working very hard to learn "sight words," and that he was likely mentally deficient. Exhs. 219, 220. He had also been approved for cassette-tape correspondence. Exh. 219.

At this stage, based on the response to the show-cause order as discussed above, the Court makes an initial finding that petitioner appears to be entitled to equitable tolling because the Court erroneously dismissed his first, timely-filed federal petition without giving him the opportunity to elect to delete his unexhausted claims and proceed on any exhausted claims. Petitioner also appears to be entitled to equitable tolling on the basis of his mental impairments, and he appears to have exercised reasonable diligence in pursuing his claims to the extent that he was capable.

## IV.  CONCLUSION

It is therefore ordered that petitioner, through counsel, shall file an amended petition within one-hundred-twenty (120) days of the date of this order. The petition shall include all claims as well as all arguments, set forth in full and supported by exhibits, that demonstrate that petitioner is entitled to equitable tolling.[5] Neither the foregoing

---

[5] In his amended petition, petitioner may cite and refer to exhibits that he has already filed in this case.

deadline nor any extension thereof signifies or will signify a final determination by this Court as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no final finding that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of the amended petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss, *not* in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

///

///

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

DATED THIS 5th day of January 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE