UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT CHARLES JONES,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>JACK PALMER, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:11-cv-00467-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Robert Charles Jones, a Nevada prisoner. On October 1, 2015, respondents filed a motion to dismiss Claim 2 from Jones's first amended petition, arguing that the claim is procedurally defaulted. (Dkt. no. 57.) Jones filed an opposition to the motion. (Dkt. no. 59.) Having considered the motion and the response, the Court decides as follows.

**I.　PROCEDURAL BACKGROUND[1]**

On October 17, 1985, the Nevada Supreme Court issued a decision affirming Jones's first degree murder conviction, but setting aside his death penalty sentence. On remand to the state district court, the State sought the death penalty, and a penalty hearing was set for March 23, 1987. At that hearing, the parties informed the court that Jones had agreed to stipulate to a sentence of life without the possibility of parole. The

---

[1] This procedural background is derived from the exhibits provided by the petitioner (dkt. nos. 34-41) and this Court's own docket.

court canvassed Jones and, on April 10, 1987, entered a judgment of conviction with the agreed upon sentence.

In 1988, Jones, proceeding pro se, initiated a state post-conviction proceeding in state district court. The court denied relief. Jones did not appeal.

In April 1997, Jones filed a habeas proceeding in this court that was assigned case number CV-S-97-00600-JBR-RJJ. In December 1998, the court dismissed the action on the basis that the pleadings before the court presented only unexhausted claims. Jones's motion for reconsideration was denied on February 9, 1999. Jones did not appeal the dismissal.

On November 28, 2000, Jones filed a second state post-conviction petition in the state district court. Then, on January 30, 2001, he filed a motion to withdraw guilty plea. The state district court denied relief, and the Supreme Court of Nevada affirmed in consolidated appeals. Between 2008 and 2010, Jones filed numerous additional state court challenges to his conviction and sentence, all unsuccessful.

Jones initiated this proceeding in June 2011. On November 23, 2011, this court entered an order directing Jones to show cause why his petition should not be denied as untimely under 28 U.S.C. § 2244(d). The court subsequently appointed counsel for Jones and issued another order to show cause. On January 5, 2015, the Court made an initial finding that Jones may be entitled to equitable tolling and directed him to file an amended petition.

The amended petition was filed on June 16, 2015. In response to the petition, respondents filed the motion to dismiss that is now before the Court for decision.

## II.    PROCEDURAL DEFAULT DOCTRINE

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims to the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar imposed by the state court was independent of the federal question and adequate to support the judgment. *Coleman*,

501 U.S. at 729. Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir.1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Supreme Court has also held that cause for a procedural default may arise from ineffective assistance of counsel in a petitioner's post-conviction proceeding. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The Court in *Martinez* held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction relief (PCR) counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed, however, that its holding was a "narrow exception" to the rule in *Coleman v. Thompson* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* The Court also took care to point out that the exception does not extend beyond claims that counsel was ineffective at trial. *See id.* at 1320.

///

///

### III.   DISCUSSION

In Claim 2, Jones alleges that his counsel rendered ineffective assistance by advising him to stipulate to a life sentence without parole. Respondents argue that the claim is procedurally defaulted because Jones did not present it to the state court until 2010 and the Nevada Supreme Court dismissed it as untimely under NRS § 34.726. Jones concedes the claim was defaulted in state court, but argues that the default must be excused due to ineffective assistance of post-conviction counsel and his intellectual disability.

To establish "cause" to overcome procedural default under *Martinez,* a petitioner must show:

> (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the PCR proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (citing *Trevino v. Thaler,* 133 S.Ct. 1911, 1918 (2013)).

Jones argues that the second, third, and fourth prong are not in dispute here. Respondents have filed no reply disputing this assertion. Seeing no apparent reason to decide otherwise, the Court concludes that Jones can satisfy the three prongs.[2]

With respect to the first prong, the Supreme Court defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Id*. at 1319.

A claim of ineffective assistance of counsel (IAC) is examined under *Strickland v. Washington*, 466 U.S. 668 (1984), which means that a petitioner must show that (1)

---

[2]With respect to the second prong, petitioner was not represented by counsel in litigating the relevant state post-conviction petition. Thus, he need not show that that his PCR counsel was "ineffective under the standards of *Strickland*." *Martinez*, 132 S. Ct. at 1318.

4

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. Under the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The question whether an IAC claim is substantial under *Martinez* is not the same as the question whether the claim warrants habeas relief. Instead, it is more akin to determining whether the claim is worthy of a certificate of appealability. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, Jones can meet the substantiality prong by showing that resolution of the merits of his underlying *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted).

Here, Jones presents an arguable claim that his counsel performed below constitutional standards in advising him to agree to a sentence of life without parole and that, as a result, he suffered *Strickland*-level prejudice. The Nevada Supreme Court had previously indicated that, based on its analysis of Nevada cases reported since the legislature reenacted the death penalty in 1977, Jones's case did not fit the pattern of cases in which death sentence had been imposed. *Jones v. State*, 707 P.2d 1128, 1134 (Nev. 1985). It also appears that Jones's counsel may have misrepresented to Jones the likelihood that he may eventually be released even with a sentence of life without parole. (Dkt. no. 40-38 at 37-38.) In addition, Jones cites to available evidence that could have been used to potentially soften the seriousness of his prior felony convictions involving violence (the only aggravating circumstance found by the jury in his previous trial), demonstrate he was a model prisoner, and show that he possesses

1 significant mental impairments. (Dkt. no. 55 at 21-28.) *See Jones*, 707 P.2d at 1130, 1132 n. 2.

Because he has brought forward facts demonstrating that his ineffective assistance of counsel claim is substantial, Jones's default of Claim 2 shall be excused under *Martinez*. Having reached that conclusion, the Court need not address whether Jones can establish cause and prejudice based on his alleged intellectual disability.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 57) is denied.

It is further ordered that the respondents will have forty-five (45) days from the date on which this order is entered to file an answer to the first amended petition. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

It is further ordered that petitioner's motions for extension of time (dkt. nos. 53, 54, and 58) are all granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 4th day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE